# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:19-cr-00021-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| PATRICIA GEORGE JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [Doc. 28]; the Government's Response to Defendant's Compassionate Release Motion [Doc. 30] and Motion to Seal [Doc. 31]; and the Defendant's Reply [Doc. 33].

## I.    BACKGROUND

In March 2019, the Defendant Patricia George Jenkins pled guilty to one count of possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Docs. 1, 2, 8]. In September 2019, the Court sentenced her to a term of 63 months' imprisonment to be followed by three years of supervised release. [Doc. 16].

She is currently housed at FCI Hazelton (Secured Female Facility), and her projected release date is March 24, 2023.[1]

The Defendant now seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 28]. For grounds, the Defendant identifies a number of chronic health conditions that she contends constitute an extraordinary and compelling reason for her release. [Id.].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered July 22, 2021]. The Government filed its Response on August 20, 2021. [Doc. 30]. The Defendant filed a Reply on September 13, 2021. [Doc. 33]. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of her sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 23, 2021).

2

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies.  [Doc. 30 at 4]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the

3

defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that a number of chronic health conditions—including hypertension, eustachian tube disorder, neuritis, otitis externa, iliotibial band syndrome, reflux disease, neuralgia, obesity, and pre-

4

diabetes—place her at a significant risk of serious illness or death from the delta variant of COVID-19.[2] [Docs. 28 at 5; 33 at 1-2]. The BOP medical records produced by the parties, however, indicate that the Defendant's health conditions are being adequately monitored and treated with appropriate medication. [See Docs. 32, 34]. There is nothing in these records to indicate that any of the conditions are debilitating or otherwise limit the Defendant's ability to administer self-care while in prison. Moreover, the Defendant has been fully vaccinated against the coronavirus. [See Doc. 32-2]. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines can reduce the risk of serious illness among people who are fully vaccinated by 90 percent or more.[3] While the Defendant still faces some risk of infection (as do all of those who have been vaccinated against the virus), the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief she requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread

---

[2] The Defendant identified only her chronic health conditions in her original motion. It was not until her reply brief that she argued for the first time that these health conditions increase her risk factors for contracting and/or dying from COVID-19.

[3] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 21, 2021).

5

to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Moreover, according to the Bureau of Prisons' website, there is currently one positive case among the inmates at FCI Hazelton and only six positive cases among the staff.[4] For all these reasons, any increased susceptibility to COVID-19 that the Defendant may have due to her chronic health conditions does not constitute an extraordinary and compelling reason to justify her early release.

The Defendant cites her efforts at post-sentencing rehabilitation as a factor weighing in favor of relief. [Doc. 33]. While the Defendant's efforts at rehabilitation are commendable, the Court continues to find that the relevant § 3553(a) factors weigh in favor of the sentence that was imposed. The Defendant's crime was serious, and her actions posed a serious risk to the community. The Defendant pled guilty to possession of nearly 28 grams of actual methamphetamine, an amount which is sufficient to trigger a five-year mandatory minimum sentence. The Defendant also possessed a dangerous weapon during the commission of her offense, which resulted in a two-level

---

[4] See https://www.bop.gov/coronavirus/ (last visited Sept. 23, 2021). The BOP website provides data for FCI Hazelton as a whole; it does not provide specific data for cases at the Secured Female Facility where the Defendant is housed.

enhancement. The Defendant's criminal history included at least five convictions for driving while impaired, as well as multiple convictions for assault and larceny-type crimes. In light of these circumstances, the Court concludes that the 63-month sentence that was originally imposed protects the public from further crimes of the Defendant. Further, requiring the Defendant to serve her full sentence adequately reflects the seriousness of her offense, promotes respect for the law, avoids unwarranted sentencing disparities, and provides general deterrence to others who might commit similar crimes.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of her continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

### B. Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 32] filed in support of its Response to the Defendant's motion. [Doc. 31].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable

7

opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion.  The Government filed its motion on August 20, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time.  Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Motion for Sentence Reduction under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release) [Doc. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 31] is **GRANTED**, and the medical records [Doc. 32] submitted in support of the Government's Response shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: September 24, 2021

Martin Reidinger
Chief United States District Judge

9